IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR29 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| DENNIS WIESE, | ) ) | |
| Defendant. | ) | |

This matter is before the Court on the motion by the Defendant, Dennis Wiese, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 84). The motion includes a request to file his motion out of time. Because Wiese's request for leave to file his motion out of time is denied, the Court has not considered the motion on its merits.[1]

## FACTUAL BACKGROUND

Wiese was charged in a two-count Indictment with: conspiracy to attempt to manufacture and manufacture 50 grams or more of actual methamphetamine (Count I); and possession of pseudoephedrine with intent to manufacture methamphetamine (Count II). Wiese pleaded guilty to Count I, and Count II was dismissed. The drug quantity alleged in Count I triggered a 10-year mandatory minimum sentence of imprisonment. 21 U.S.C. § 841(b)(1)(A). In completing the Petition to Enter a Plea of Guilty, Wiese stated that he was guilty of Count I because he "purchased pseudoephedrine to give to my codefendant who made methamphetamine with it." (Filing No. 60, ¶ 45.) At his change

---

[1]The Court notes, however, that Wiese's argument regarding the equitable tolling doctrine constitutes his sole argument on the merits. Therefore, for the reasons discussed below, the motion would not survive initial review. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*.

of plea hearing, he agreed that the government would have presented the following evidence if he had gone to trial:

> [D]uring the time frame of the conspiracy in Nebraska, the defendant was involved in purchasing pseudoephedrine pills. He then provided those to co-defendant Mr. Johnson who would then manufacture methamphetamine and in turn he would then get the finished product back. During this time frame, it would have been at least 50 grams of actual methamphetamine.

(Filing No. 68, at 19-20.)

The Presentence Investigation Report ("PSR") notes that in a post-arrest statement, Wiese said he had been buying pills for his codefendant for 7 months, and he also identified several people who would buy pills for him to give to the codefendant. The PSR also stated that Wiese and other individuals provided the codefendant with 168.96 grams (168,960 milligrams) of pseudoephedrine, which equals 1,689.6 kilograms of marijuana. Therefore, because the quantity was at least 1,000 but less than 3,000 kilograms of marijuana, base offense level 32 was applied. An amount of 1,000 kilograms or more of marijuana also triggers the 10-year mandatory minimum under § 841(b)(1)(A). Wiese was sentenced to 121 months imprisonment, and Judgment was entered on November 19, 2009. The Defendant did not file a direct appeal. He filed a motion to file his § 2255 motion out of time with the Eighth Circuit Court of Appeals. The Eighth Circuit denied his motion without prejudice, noting that he had not yet filed a § 2255 motion in this Court and therefore he did not need authorization from the Eighth Circuit to file a motion. Under 28 U.S.C. § 2255, a defendant has one year to file a § 2255 motion from "the date on which the judgment of conviction becomes final." In this case, the conviction became final on November 27, 2009, the last day Wiese could have filed a notice of appeal. *Murray v.*

*United States,* 313 Fed. Appx. 924, at **1 (8th Cir. Mar. 10, 2009). Therefore, he had one year from that date to file a timely § 2255 motion.

## DISCUSSION

Wiese argues that the equitable tolling doctrine should apply in his case and excuse his late filing of the § 2255 motion because he is actually innocent of the crime charged in Count I to which he pleaded guilty. More specifically, Wiese argues that he, his attorney, the prosecutor, and the undersigned Judge failed to understand that the drug quantity for which he should have been held responsible totaled less than the amount alleged in the conspiracy and that was required to trigger the 10-year mandatory minimum term of imprisonment under 21 U.S.C. § 841(b)(1)(A). Wiese contends the amount charged in Count I, 50 grams or more of actual methamphetamine, was required to be established by a single act of manufacturing. Because the Court used an aggregate amount of quantities from several acts, Wiese argues that he unknowingly entered his guilty plea. Wiese bases his argument primarily on *United States v. Winston,* 37 F.3d 235 (6th Cir. 1994), in which the Sixth Circuit Court of Appeals held that § 841(b)(1)(A), involving at least 50 grams of cocaine base, did not apply because the conspiracy involved only 23 grams found in a parking lot but not 37 grams found at the defendant's residence. *Id.* at 241. However, Wiese did not acknowledge that *Winston* was distinguished by the Sixth Circuit because the 37 grams at Winston's residence were not a part of the conspiracy. The Sixth Circuit declined to apply the reasoning used in *Winston* to a situation in which a defendant was involved in a single conspiracy involving the same coconspirators on numerous occasions. *United States v. Pruitt,* 156 F.3d 638, 644 (6th Cir. 1998).

Wiese acknowledged that Eighth Circuit case law indicates that under the sentencing guidelines quantities from multiple drug offenses may be combined to determine the statutory minimum drug quantity, and quantities from dismissed counts may be included as relevant conduct. (Filing No. 84, at 2.) *See, e.g., United States v. Halter,* 217 F.3d 551, 554 & nn. 3 & 4 (8th Cir. 2000).

The district court applied the correct mandatory minimum and base offense level according to the sentencing guidelines and the law. Even under *Winston,* Wiese's argument must fail because his case involved one conspiracy, the same codefendant, and multiple occasions. Therefore, Wiese's claims of actual innocence and an unknowing guilty plea are meritless. Because his claim of actual innocence fails, the equitable tolling doctrine does not apply. *Mandacina v. United States,* 328 F3d 995, 1003 (8th Cir. 2003).

## CONCLUSION

Wiese's request to file his motion out of time under the equitable tolling doctrine is denied because he has not shown actual innocence of the crime to which he pleaded guilty. The Court need not reach the merits for initial review purposes.

IT IS ORDERED:

1. The Defendant's request to file his § 2255 motion out of time (Filing No. 84) is denied;

2. A separate Judgment will be issued denying the § 2255 motion; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 22nd day of August, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

4